**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

|  |  |
|---|---|
| AVE MARIA UNIVERSITY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEX M. AZAR II, Secretary of the United States Department of Health and Human Services,[1] *et al.*,<br><br>　　　　Defendants. | Case No. 2:13-cv-630 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF PERMANENT INJUNCTION AND DECLARATORY RELIEF**

Plaintiff has moved for a permanent injunction and declaratory relief against federal regulations that required it to offer coverage of contraceptive services ("the Mandate") or to comply with an accommodation process whereby its employees and students would receive coverage through Plaintiff's health insurance issuers or third party administrators. *See* ECF No. 68. Although the Government does not agree with all of the statements and arguments in Plaintiff's motion for entry of permanent injunction and declaratory relief, the Government is not raising a substantive defense of the Mandate or the accommodation process with respect to Plaintiff's Religious Freedom Restoration Act ("RFRA") challenge. The Government has concluded that requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA.

---

[1] Alex M. Azar II, Secretary of the United States Department of Health and Human Services, "is automatically substituted as a party" for Thomas E. Price, M.D. Fed. R. Civ. P. 25(d).

The Government takes no position on whether permanent injunctive relief or declaratory relief is appropriate in this case. The injunctions in *Pennsylvania v. Trump*, 281 F. Supp. 3d 553 (E.D. Pa. 2017), and *California v. Department of Health and Human Services*, No. 4:17-cv-05783-HSG, ECF No. 105 (N.D. Cal. Dec. 21, 2017), do not purport to interfere with this case or other existing litigation challenging the prior rules. *See Pennsylvania*, 281 F. Supp. 3d at 585 ("A preliminary injunction will maintain the status quo: those with exemptions or accommodations prior to October 6, 2017 will maintain their status, those with injunctions preventing enforcement of the Contraceptive Mandate will maintain their injunctions, but those with coverage will maintain their coverage as well."); Order Granting Plaintiffs' Motion for A Preliminary Injunction at 29, *California*, No. 17-05783, ECF No. 105 ("This nationwide injunction does not conflict with the plaintiff-specific injunctions issued by the courts in the Zubik cases or any other case.").

The Government notes, however, that any injunction should be limited to the provision of sterilization or contraceptive drugs, devices, or procedures and related education and counseling to which Plaintiff has sincerely-held religious objections. In addition, any injunction should not prohibit enforcement of 26 U.S.C. § 4980H. That provision imposes an assessable payment on large employers that meet specified criteria, including failing to offer their employees "minimum essential coverage" under an eligible employer-sponsored plan. *See* 26 U.S.C. § 4980H. But an employer-sponsored plan does not have to include coverage for contraceptive services to satisfy the minimum essential coverage requirement. *See* 26 U.S.C. § 5000A(f)(2). Thus, 26 U.S.C. § 4980H has no relevance to this lawsuit and should not be enjoined. Alternatively, to address this issue, the Court could include a provision in any permanent injunction that states:

> Defendants remain free to enforce 26 U.S.C. § 4980H for any purpose other than to require Plaintiff, or insurers and third-party administrators acting on its behalf, to provide or facilitate the provision of sterilization or contraceptive drugs, devices,

or procedures, and related education and counseling, to which Plaintiff has sincerely-held religious objections, or to punish them for failing to do so.

Respectfully submitted this 22nd day of June, 2018,

            ETHAN P. DAVIS
            Deputy Assistant Attorney General

            JOEL McELVAIN
            Assistant Director, Federal Programs Branch

            /s/ *Michelle R. Bennett*
            MICHELLE R. BENNETT
            Senior Trial Counsel
            United States Department of Justice
            Civil Division, Federal Programs Branch
            20 Massachusetts Ave. NW
            Washington, DC  20530
            Tel: (202) 305-8902
            Fax: (202) 616-8470
            Email: michelle.bennett@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

*/s/ Michelle R. Bennett*
MICHELLE R. BENNETT